NH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rustam Sadykov,<br><br>              Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>              Respondents. | No. CV-26-00436-PHX-DJH (JZB)<br><br>**ORDER** |

       Self-represented Petitioner, Rustam Sadykov, filed a Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1), a Motion for Temporary Restraining Order (Doc. 2), and an Application to Proceed In Forma Pauperis (Doc. 3).  The Court will dismiss the Petition and this action, deny as moot the Motion for Temporary Restraining Order, and deny the Application to Proceed.

**I.**     **Background and Petition**

       Petitioner contends he is an Immigration and Customs Enforcement (ICE) detainee who has a "pending petition for review before the United States Court of Appeals for the Fifth Circuit,"[1] where he "seeks judicial review of a final decision of the Board of Immigration Appeals."  According to Petitioner, he filed a motion of stay of removal in the Fifth Circuit and the motion remains pending.

       Petitioner claims he was transferred to Arizona "for imminent removal," but ICE has not provided him with any "written or verbal notice of any intended removal date, time,

---

[1] *See Sadykov v. Bondi*, No. 26-60025 (5th Cir.).

or transfer . . . ."[2]  Petitioner claims he is married with two children and his family is "in active immigration proceedings" in California.  He contends that his removal from the United States would separate him from his family and prevent him from assisting with their individual immigration proceedings.

Petitioner presents three claims for relief.  In Count One, Petitioner alleges his detention and imminent removal violates the Due Process Clause of the Fifth Amendment.  In Ground Two, Petitioner asserts "unlawful interference with appellate jurisdiction."  In Count Three, Petitioner alleges "irreparable harm and family separation."  Petitioner seeks a stay of removal while his petition for review is pending before the Fifth Circuit and for the Court to order Respondents to provide at least 72 hours' written notice prior to any removal or transfer.

**II.   Legal Standard**

District courts are directed to screen habeas corpus petitions before requiring the government to file a response and may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[3] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is in custody "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States."

---

[2] Petitioner does not specify when he was detained by ICE or transferred to Arizona.

[3] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.

28 U.S.C. § 2241(c)(1), (3). However, habeas corpus review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g); "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9); or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)). *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal"); § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

### III. Discussion

Petitioner seeks a stay of removal pending the adjudication of his matter in the Fifth Circuit Court of Appeals. This Court lacks jurisdiction over such a challenge because Petitioner's request to halt the execution of a final removal order "arise[s] from" an "action" or a "proceeding" brought in connection with Petitioner['s] removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "execute removal orders against" Petitioner (8 U.S.C. § 1252(g)). *See American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 492 (1999) (interpreting § 1252(g) to foreclose judicial review over the Immigration and Naturalization Service's decision to commence proceedings, adjudicate cases, or execute removal orders); *see also Ma v. Holder*, 860 F. Supp. 2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under § 1252(g) to stay a removal pending the Board of Immigration Appeals' decision on a motion to reopen); *Lopez v. Dep't of Homeland Sec.*, CV-10-07929-AG (JC), 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the Immigration Judge's denial of a motion to stay); *Mejia-Espinoza v. Mukasey*, CV-08-07884-FMC (PLA), 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the

pendency of a motion to reopen before the Board of Immigration Appeals). Accordingly, the Court will dismiss the Petition and this action.

### IV. Motion for Temporary Restraining Order and Preliminary Injunction

Because the Court is dismissing the Petition, the Court will deny as moot Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction.

### V. Application to Proceed in Forma Pauperis

Petitioner's Application to Proceed in Forma Pauperis is incomplete. The Court will deny the Application to Proceed.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Application to Proceed in Forma Pauperis (Doc. 3) is **denied**.

(3) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

(4) The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 27th day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge